## In Re Anonymous No. 74 D.B. 81

Disciplinary Board Docket no. 74 D.B. 81.

HAMMERMAN, Member, November 16, 1983—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

The within petition for reinstatement was filed on November 10, 1982 on behalf of the above respondent after a period of suspension of one year from the order of the Pennsylvania Supreme Court dated December 17, 1981.

The matter was referred to hearing committee [         ], and upon notice duly made, a hearing was held on January 31, 1983 before [         ].

Thereafter, on August 3, 1983 the report of the hearing committee was filed recommending that reinstatement be granted. The brief on exceptions was filed by Disciplinary Counsel on September 6, 1983 with a request for oral argument. Respondent's brief opposing the exceptions was filed by his counsel on September 22, 1983. Upon designation by the Chairman of the Disciplinary Board, the panel consisting of Mary Bell Hammerman, Esq., Chairperson, Robert C. Daniels, Esq., and James C. Schwartzman, Esq. heard oral argument on October 12, 1983 in [         ].

Upon the request of this panel, the Chairman of the Disciplinary Board issued an order on October 12, 1983 that hearing committee [         ] immediately reconvene for the purpose of taking testimony by character witnesses for the period from September 1979 to the present on behalf of respondent.

The hearing committee did so reconvene and a hearing was held on October 18, 1983. Based on such testimony, the Committee filed its supplemental report.

## II. FINDINGS OF FACT

1. Respondent attorney is 47 years of age and has been in the practice of law since 1961 in the City and County of [       ], Commonwealth of Pennsylvania.

2. Respondent attorney was suspended from the practice of law for one year by order of the Supreme Court of Pennsylvania effective December 17, 1981.

3. Respondent attorney was disciplined for misconduct involving soliciting clients through a paid office employee, filing false contingent fee agreements in the Court of Common Pleas of [       ] County and counseling clients and former clients to testify falsely before the judge assigned to the Special Judicial Investigation.

4. Respondent attorney complied in all respects with the order of suspension and has not engaged in the practice of law since he was suspended.

5. Respondent attorney has practiced law approximately 17 years and during his suspension has read the advance sheets on a weekly basis. Respondent has met his burden of maintaining his learning and competency in the law.

6. Respondent attorney accepted the findings of the Court of Common Pleas of [       ] County and the Supreme Court of Pennsylvania.

7. Respondent attorney, however, believes that he is innocent of the charges cited which resulted in his suspension.

8. Since the charges were filed, respondent attorney has made inquiry of prospective clients as to the manner in which they were referred to him and where questionable, has refused representation.

9. Respondent attorney, if reinstated, intends to return to personal injury practice but states that he will never hire a full-time investigator.

10. Respondent attorney has demonstrated that he has the moral qualifications necessary for his return to the practice of law through his religious affiliation, familial involvement and the lack of any other charges against him except for two informal admonitions stemming from alleged neglect in the same estate in 1974 and 1978.

11. Respondent attorney has suffered the anxiety of the instant charges for a period in excess of 11 years.

## III. DISCUSSION

The three-member panel of this board, duly made its report and recommendation to the entire board, following which this board, after an extensive and complete review of the entire record in this matter, including the report, findings and recommendation of the hearing committee, hereby recommends that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

In order for respondent to gain reinstatement to the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

### A. Competency and Learning in the Law

The committee found, and the Office of Disciplinary Counsel does not challenge, that respondent has the requisite competency and learning in the law to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

Accordingly, the committee concluded, and this board unanimously concurs, that respondent has proved, by clear and convincing evidence that he

possesses the competency and learning in the law required to practice law in the Commonwealth of Pennsylvania.

## B. Moral Qualifications

The Office of Disciplinary Counsel does take issue with the moral qualifications of respondent, and contends that respondent has failed to satisfy that prerequisite to reinstatement to the practice of law in this Commonwealth. The hearing committee, however, rejected such contention of the Office of Disciplinary Counsel and finds that the facts in respondent's case are clearly distinguishable from those in [In re Anonymous].*

Respondent, after the first imposition of discipline in July 1973 from which an appeal was filed and supersedeas granted, withdrew from active practice. Once he reactivated his practice, he conformed his acceptance of clients to the standards set forth in the Code of Professional Responsibility.

The committee, equating the actions of [In re Anonymous] found this respondent to have shown himself to be of stronger moral fiber. Because this respondent was suspended for one year instead of suffering disbarment as in [In re Anonymous], the committee believed this fact should carry great weight in its determination. The committee was satisfied that respondent will follow the disciplinary rules in the future.

From the testimony presented, it appears that respondent has led an exemplary home life, acting as a good husband father. He has participated in some community service and has been a source of strong support in his childrens' efforts toward higher learning.

---

* 4 D.B. 76, 20 D. & C. 3d 421 (1981).

In addition to the objective actual activities of respondent reflecting on his moral qualifications, veteran trial and appellate lawyers and other professional laymen testified to his good moral character, specifically between the years of 1979 through to the present: [A], former Chancellor of the [ · ] Bar Association; [B], elected member to the House of Representatives of Pennsylvania; [C], M.D., a forensic psychiatrist; [D], a professor of accounting at [ · ] University; [E], Esq., [F], Esq., [G], Esq., [H], Esq., [I], Esq., [J], Esq., and [K], Esq.

Although the hearing was reconvened for the purpose of completing the record, it found all of the witnesses forthright and truthful, and that such testimony added a further basis for its recommendation that respondent be reinstated to the Bar.

In light of the foregoing, this board adopts the following findings of hearing committee [ ] fully and unequivocably, and finds that the record in this proceeding demonstrates that respondent does in fact possess the prerequisite moral qualifications for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania adopts the following findings of hearing committee [ · ] as its findings of fact and conclusions of law in this reinstatement proceeding:

1. Respondent was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated December 17, 1981 for one year.

2. Respondent duly applied for reinstatement to the practice of law in the Commonwealth of Pennsylvania on or about December 17, 1982.

3. Respondent has proved compliance with Rule 217, and he, therefore, has met the condition precedent to petition for reinstatement.

4. Respondent has carried the burden and has proved by clear and convicing evidence that he has the moral qualifications and competency and learning in the law required for admission to practice law in this Commonwealth and that the resumption of the practice of law in this Commonwealth by respondent will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive of the public interest.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [Respondent] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne by and paid for by said respondent. (A statement of such expenses is appended to the instant report).

## ORDER

ROBERTS, *C.J.*, And now, December 19, 1983, the recommendation of the Disciplinary Board dated November 16, 1983, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.